**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 08 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-37470 |
| | ) | |
| Daniel D. Farley | ) | Chapter 7 |
| | ) | |
| | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| Debtor(s). | ) | |

### ORDER STRIKING DOCUMENT

This case is before the court on a document that is Debtor's Reaffirmation Agreement with FirstMerit Bank, N.A. ("Reaffirmation Agreement") [Doc. # 26]. The Reaffirmation Agreement was filed by the Creditor on March 3, 2010, after Debtor's discharge had already been entered by the court on February 24, 2010.

Under Rule 4008(a) of the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." *But see In re Parker,* 372 B.R. 835 (Bankr. W.D. Tex. 2007)(court holds that Rule 4008 conflicts with the statute and must be disregarded, so statutory deadline for filing a reaffirmation agreement is any time before discharge). In this case, the first date set for the meeting of creditors was December 23, 2009, so the

deadline for filing reaffirmation agreements in this case was February 22, 2010.[1] The deadline was not extended. The Reaffirmation Agreement was not timely filed.

Not only was the Reaffirmation Agreement filed after discharge and out of rule, the Reaffirmation Agreement was not entered into on a timely basis before discharge on February 24, 2010, in accordance with the statute. *See* 11 U.S.C. § 524(c)(1); *In re Golladay*, 391 B.R. 417, 421 )(Bankr. C.D. Ill. 2008). All of the signatures occurred after discharge, on March 1, 2010, for Debtor and on March 3, 2010, for Creditor. *Id.* at 422, n.1 (making of agreement is reflected by signature dates).

Lastly, while the cover sheet to and Part IV of the Reaffirmation Agreement show that it is not an undue hardship for the debt to be reaffirmed, the numbers shown thereon conflict with Schedules I and J, upon which no payment for the boat debt is included, and no explanation for the differences has been provided. *See* Fed. R. Bankr. P. 4008(b). The court also would have set the Reaffirmation Agreement for hearing under § 524(m), but that hearing had to be concluded before discharge.

**IT IS THEREFORE ORDERED** that the Debtor's Reaffirmation Agreement with FirstMerit Bank, N.A. [Doc. # 26] is hereby treated as stricken from the court record as untimely and of no further effect in these proceedings.

---

[1] The 60th days after December 23, 2009, was February 21, 2010, which was a Sunday. Under Rule 9006(a)(1)(C)of the Federal Rules of Bankruptcy Procedure, the deadline was extended to the next day.